IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas McGrady,                                          Case No. 3:05CV7378

               Plaintiff

     v.                                                         ORDER

United States Postal Service,

               Defendant

       This is a suit by a retired postal worker against the United States Postal Service [USPS]. Plaintiff claims that, when he was hired in 1984, he did not receive all the veterans' preference points to which he was entitled. In August, 1996, the USPS notified him of the error, which remained uncorrected. His complaint seeks declaratory relief in the form of "retrospective recalculation of [his] pension, vacation, and other economic benefits."

       Plaintiff claims that, by failing to correct the preference calculation, the USPS has violated 5 U.S.C. § 2108, which creates the point system. He asserts that, as a result of the original miscalculation, the USPS hired him more than two years later than he would have otherwise been hired, causing him to lose income.  Plaintiff also argues that as a result of the USPS's failure to recalculate his points, he continues to receive reduced benefits.

Pending is the defendant's motion to dismiss, in which the defendant asserts, *inter alia*, sovereign immunity. For the reasons that follow, the motion shall be granted.

In response to that argument, the plaintiff argues that, because he seeks declaratory relief [and couches his demand as a request for injunctive relief], the defense of sovereign immunity is not well-taken.

I disagree: what plaintiff wants is money, not a simple declaration that he has been wronged. I conclude, accordingly, that his suit is barred by sovereign immunity.  *See Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998).

In addition, plaintiff's opposition to the motion to dismiss appears, as defendant argues, to be based on contentions not set forth [or at least not expressly set forth] in his complaint.

Thus, in his response, the plaintiff appears to claim that he is covered under the Veterans Employment Opportunity Act of 1998 (VEOA), 5 U.S.C. § 3330a, and that he may seek relief under the Administrative Procedures Act (APA), 5 U.S.C. §§ 701, et seq. Neither enables the plaintiff to survive the defendant's motion to dismiss.

The VEOA provides administrative redress to preference-eligible veterans alleging violations of their rights under the statute or one of its regulations. 5 U.S.C. § 3330a(a)(1)(A). The Act became effective on October 31, 1998. Plaintiff learned of the mis-crediting in 1996. The statute is not retroactive.  *See Lapuh v. MSPB*, 284 F.3d 1277, 1282 (Fed. Cir. 2002) ("Congress did not intend the Act to have retroactive effect for redress of grievances through the Board."). Thus, whatever relief might otherwise be available to plaintiff under the Act is not available to him here.

In any event, contrary to the plaintiff's contention, the mis-crediting is not a legally cognizable "continuing violation." The continuing violation doctrine "is premised on the equitable

notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated." *Martin v. Nannie & Newborns*, 3 F.3d 1410, 1415 n.6 (10th Cir. 1993)  (citations omitted). This requires a showing that prior discriminatory activity – rather than just the effects of such activity – continues into the present. *E.g., Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003). Plaintiff's continuing violation claim is based solely on the alleged effects of the original mis-crediting; he alleges no other act violating the veterans' preference statute. Any cause of action sought to be asserted under that statute must therefore be dismissed.

Likewise, plaintiff cannot prevail on any claim he may be asserting under the APA. He argues that, "in the course of violating the veterans' preference statutes, the USPS has violated [the Civil Service Reform Act [CRSA]], 5 U.S.C. § 2302(b)(11)(A) or (B) and has left Plaintiff with no redress other than this lawsuit."

Congress added the provisions of the CSRA on which plaintiff relies in 1998, when it enacted the VEOA. Plaintiff's APA claim fails for the following reasons (notwithstanding the problem with non-retroactivity as recited above): 1) under 39 U.S.C. § 410(a), the APA does not apply to the Postal Service, *Booher v. U.S. Postal Serv.*, 843 F.2d 943, 945 (6th Cir. 1988) (the APA "governs judicial review of administrative actions and the APA is made inapplicable to postal service actions by the Postal Reorganization Act, in 39 U.S.C. § 410(a)."); and 2) review of personnel actions is not available under the APA or other general jurisdiction statutes. *Ryon v. O'Neill*, 894 F.2d 199, 204 (6th Cir. 1990).

It is, therefore, for the foregoing reasons

ORDERED THAT defendant's motion to dismiss be, and the same hereby is granted.

So ordered.


<u>James G. Carr</u>
Chief Judge